PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of the referee. The referee recommended finding respondent Peyton T. Jordan, Jr. guilty of two of the four disciplinary rules violations charged in the complaint of The Florida Bar. Neither party seeks review of the referee’s report.
The findings and recommendations of the referee are set forth as follows:
II. FINDINGS OF FACT as to Each Item of Misconduct of which the Respondent is charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
AS TO VIOLATION of The Florida Bar Code of Professional Responsibility, DR # 7-101(A)(2); (Failure to carry out a contract of employment):
That Robert Morris retained the RESPONDENT on February 12, 1982, to evaluate Morris’ Workmen’s Compensation Claim file. A binding contract was entered into by the parties upon payment of $500.00 by Morris to the Respondent; (EX A); (TR PAGE 16, Lines 12 thru 18). Respondent failed to perform under the *571 terms of the contract by making little or no effort to evaluate the claim; (TR Page 19, Lines 10 thru 20). A proposed evaluation was submitted approximately 2 years later and only after commencement of Bar proceedings against the Respondent; (EX D).
AS TO VIOLATION of the Florida Bar Code of Professional Responsibility, DR # 6-101(A)(l); (Handling a legal matter which he knew or should have known that he is not competent to handle):
The evidence was insufficient to support a violation of this rule.
AS TO VIOLATION of the Florida Bar Code of Professional Responsibility, DR #6-101(A)(2) (Handling a legal matter without preparation):
The evidence was insufficient to support a violation of this rule.
AS TO VIOLATION of The Florida Bar Code of Professional Responsibility, DR # 6-101(A)(3): (Neglecting a legal matter entrusted to him):
The evidence clearly showed that the Respondent failed to contact Roger Mar-chant, as suggested by Morris, who had a similar case; (TR Page 22, Lines 14 thru 25, PAGE 23, Lines 1 thru 25, and PAGE 24, Lines 1 thru 10). The Respondent did not make any serious effort to contact his client after several months regarding his efforts or the results thereof. It appears that the Respondent chose to simply forget the matter after Morris removed irrelevant papers from the file in March of 1982; (TR Page 25, Lines 6 thru 23). Four years was an unreasonable period of time within which to take action in the matter.
III. RECOMMENDATION AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY:
As to Violation of DR # 6-101(A)(l) and DR # 6-101(A)(2):
I recommend that the Respondent be found NOT GUILTY.

As to Violation of DR # 7-101(A)(2) and DR # 6-101(A)(3):

I recommend that the Respondent be found GUILTY....
On the matter of discipline, the referee’s amended report recommended that respondent receive a public reprimand but omitted the initial request that respondent refund the fee of $500 paid by the client in this case.
We approve the referee’s report with the added requirement that respondent refund the $500 fee paid by Mr. Morris. We hereby reprimand attorney Peyton T. Jordan, Jr., for professional misconduct and order him to pay $500 to his former client, Mr. Robert Morris.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.